UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| VIOLET SEKATA, | ) | CASE NO. 5:20-cv-203 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER OF REMAND |
| FEDEX AKA FEDEX GROUND AKA | ) | |
| FEDEX GROUND TRANSPORTATION | ) | |
| AKA FEDEXX RISK MANAGEMENT, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Presently before the Court are the following motions: (1) plaintiff's motion to remand this action to state court (Doc. No. 8 ["MTR"]); (2) defendant's motion for judgment on the pleadings (Doc. No. 17 ["MJP"]); and (3) plaintiff's motion to amend the complaint, *instanter*. (Doc. No. 13 ["MTA"].) Each motion is fully briefed. (Doc. No. 9 ["MTR Opp'n"]; Doc. No. 10 ["MTR Reply"]; Doc. No. 18 ["MJP Opp'n"]; Doc. No. 19 ["MJP Reply"]; Doc. No. 15 ["MTA Resp."].) Because the Court lacks subject matter jurisdiction over the complaint, plaintiff's motion to remand is granted, and this action is returned to state court.

**I. BACKGROUND**

According to the complaint, on December 12, 2017, plaintiff Violet Sekata ("plaintiff" or "Sekata") received an unsolicited phone call "advising her that her grandson was in jail and needed bond money." (Doc. No. 1-2 (Complaint ["Compl."]) ¶ 4.) Sekata was directed to send $6,000.00, representing the amount of the alleged bond, to an address in New Jersey. (*Id.* ¶¶ 5, 6.) That same day (December 12, 2017), Sekata traveled to a store operated by defendant, FedEx

aka FedEx Ground aka FedEx Ground Transportation aka FedEx Risk Management ("FedEx"), and arranged to ship $6,000.00, via overnight delivery, to the address in New Jersey. (*Id*. ¶ 6.)

Hours before the package containing the money was to be shipped, Sekata discovered that the call had been a hoax and that her grandson was not in jail or in need of bond money. (*Id*. ¶ 7.) She immediately contacted the City of Hudson Police Department ("Hudson PD") and FedEx to advise that she had fallen victim to the "grandson scammer." (*Id*. ¶ 8; *see id*. ¶ 12.) Both Sekata and a Hudson PD police officer "contacted FedEx to stop shipment of the package immediately." (*Id*. ¶ 8.) Despite assurances from FedEx that delivery of the package would be stopped, and notwithstanding the fact that Sekata and the Hudson PD police officer made "multiple follow up calls" to FedEx, delivery of the package was never stopped and it was ultimately delivered to the address in New Jersey. (*Id*. ¶¶ 9–12[1].)

On December 12, 2019, Sekata brought suit in state court against FedEx. Sounding in negligence, Sekata's complaint alleged that FedEx breached the duty of care it owed to her by failing to adhere to orders of the Hudson PD and herself to stop delivery of the package containing the bond money in violation of 49 U.S.C. § 80111.[2] (*Id*. ¶ 14.) She alleges that, as a direct and proximate cause of FedEx's negligence, she sustained "substantial financial loss[.]" (*Id*. ¶ 15.) She seeks compensatory damages, as well as attorney's fees and costs. (*Id*. at 24–25[3].)

On January 30, 2020, FedEx removed Sekata's action to this Court, representing that "[t]he claims asserted by the [p]laintiff in [her c]omplaint and the liability of FedEx, if any at all,

---

[1] The complaint contains two paragraphs numbered "12." References in this MOO to ¶ 12 refer the first numbered 12 paragraph.

[2] While the complaint appears to raise two claims, "Count One" merely sets forth the factual allegations applicable to the negligence claim that is set forth in "Count Two." (*Compare id*. ¶¶ 4-12 with ¶¶ 13-15.)

[3] All page numbers refer to the page identification number generated by the Court's electronic docketing system.

are governed by principles of federal common law applicable to shipments made in interstate commerce by a federally certified air carrier such as FedEx." (Doc. No. 1 (Notice of Removal ["Notice"]) ¶ 3.) Accordingly, FedEx maintained that "this Court has original jurisdiction over the subject matter of this civil action pursuant to 28 U.S.C. § 1331, and this civil action may be removed pursuant to 28 U.S.C. § 1441(b)." (*Id.*)

Sekata thereafter filed the instant motion to remand this action to the Stow Municipal Court, arguing that this Court does not have jurisdiction because the complaint is premised entirely on state law negligence, and that the stray reference to a federal statute—49 U.S.C. § 80111—is not sufficient to establish federal jurisdiction. (MTR at 84.) In response, FedEx made clear that it has not asserted the reference to § 80111 as its basis for removal, and that its removal was premised entirely on the existence of federal common law. (MTR Opp'n at 88.)

FedEx also seeks judgment on the pleadings, arguing that Sekata's claim is barred by the one-year contractual limitation period in the governing bill of lading, and that, in any event, the negligence claim is preempted by the Airline Deregulation Act ("ADA"), 49 U.S.C. § 41713. (MJP at 132–37.) Sekata, in turn, requests leave to amend her complaint to add a claim for promissory estoppel. (MTA at 116.) While FedEx does not oppose the proposed amendment *per se*, it suggests that such a claim would also be preempted by the ADA. (MTA Resp. at 126.)

In the Sixth Circuit, jurisdictional issues should be decided as soon as practicable. *See Sherwood v. Microsoft Corp.*, 91 F. Supp. 2d 1196, 1199 (M.D. Tenn. 2000) (citing *Franzel v. Kerr Mfg. Co.*, 959 F.2d 628, 629 (6th Cir. 1992)). Further, a district court must satisfy itself of its own jurisdiction before entertaining motions addressing the underlying merits of an action. *See Godsey v. Miller*, 9 F. App'x 380, 384 (6th Cir. 2001) ("It is a well settled principle that 'the

district court must be certain that federal subject matter jurisdiction is proper before entertaining a motion by the defendant under Federal Rule 12 to dismiss the plaintiff's complaint for failure to state a claim upon which relief may be granted.'") (quoting 14C Charles Alan Wright, et al., *Federal Practice and Procedure* § 3739, at 423 (3d ed. 1998)); *see also Gross v. Hougland,* 712 F.2d 1034, 1036 (6th Cir. 1983) (stating "disapproval of the district court's decision to dispose of this action on the merits without first resolving the question of subject matter jurisdiction"). For these reasons, the Court first considers Sekata's motion to remand.

## II. LAW AND DISCUSSION

Any civil case filed in state court may be removed to federal court if the case could have been brought originally in federal court. 28 U.S.C. § 1441(a); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987). "Absent diversity of citizenship, federal question jurisdiction is required." *Caterpillar*, 482 U.S. at 392. Federal question jurisdiction exists in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The defendant bears the burden of establishing federal subject matter jurisdiction. *Rogers v. Wal-Mart Stores, Inc*., 230 F.3d 868, 871 (6th Cir. 2000). All doubts regarding the removal petition must be resolved against removal. *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757 (6th Cir. 2000); *Queen ex rel. Province of Ont. v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989).

Here, FedEx does not allege diversity of the parties, and jurisdiction is premised solely on the existence of a federal question.

> The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rules makes the plaintiff the master of the claim, he or she may

avoid federal jurisdiction by exclusive reliance on state law.

*Caterpillar*, 482 U.S. at 392 (internal citation omitted). "Accordingly, if the plaintiff chooses to bring a state law claim, that claim cannot generally be 'recharacterized' as a federal claim for the purposes of removal." *Roddy v. Grand Trunk W. R.R. Inc*., 395 F.3d 318, 322 (6th Cir. 2005) (quoting *Loftis v. United Parcel Serv., Inc*., 342 F.3d 509, 515 (6th Cir. 2003)). "In particular, the existence of a federal defense normally does not create statutory 'arising under' jurisdiction, and a defendant may not [generally] remove a cause to federal court unless the *plaintiff's* complaint establishes that the case 'arises under' federal law[.]" *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207, 124 S. Ct. 2488, 159 L. Ed. 2d 312 (2004) (internal citations and quotation marks omitted) (alteration and emphasis in original); *see also Tisdale v. United Ass'n of Journeymen & Apprentices of Plumbing & Pipefitting Indus. of U.S. & Canada, Local 704*, 25 F.3d 1308, 1313 (6th Cir. 1994) (defensive assertion of federal statute "does not raise a federal question for removal purposes").

One well-recognized corollary to the well-pleaded complaint rule, however, is the doctrine of complete pre-emption, which provides that Congress may so completely pre-empt an area of law as to display an intent to not merely pre-empt a certain amount of state law, but also to transfer jurisdiction from state to federal courts. *Caterpillar*, 482 U.S. at 393. "Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Id*.

For purposes of resolving the present motion, it is important to emphasize that "[c]omplete preemption that supports removal and ordinary preemption are two distinct concepts." *Roddy*, 395 F.3d at 323. "'The fact that a defendant might ultimately prove that a

5

plaintiff's claims are pre-empted under [federal law] does not establish that they are removable to federal court.'" *Id.* (alteration added) (quoting *Caterpillar*, 482 U.S. at 398). "Complete preemption that permits removal is reserved for statutes 'designed to occupy the regulatory field with respect to a particular subject and to create a superseding cause of action' while ordinary preemption applies to statutory sections that arguably supersede conflicting state laws without creating the right of removal." *Id.* (quoting *Warner v. Ford Motor Co.*, 46 F.3d 531, 535 (6th Cir. 1995) (en banc)). "[T]he congressional intent necessary to confer removal jurisdiction upon the federal district courts through complete preemption is expressed through the creation of a parallel federal cause of action that would 'convert' a state cause of action into the federal action for purposes of the well-pleaded complaint rule." *Strong v. Telectronics Pacing Sys., Inc.*, 78 F.3d 256, 260 (6th Cir. 1996) (citing *Warner*, 46 F.3d at 534–35). Such preemptive force is extraordinary and will be found only on the rare occasion that Congress clearly manifests an intent to transfer the question of preemption itself into the exclusive jurisdiction of the federal courts. *Id.* at 259. Accordingly, the Supreme Court has expressed a reluctance to find the existence of complete preemption without explicit direction from Congress. *Roddy*, 395 F.3d at 323 (citing *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 64–65, 107 S. Ct. 1542, 95 L. Ed. 2d 55 (1987)).

FedEx argues that it properly removed this action because allegations underlying Sekata's state law negligence claim arise under federal common law. Specifically, it notes that "[f]ederal common law governing recovery from lost carrier shipments has existed for centuries, and remains in force today." (MTR Opp'n at 88, internal citation omitted). While acknowledging that Congress "has enacted multiple laws regulating the airline industry," it insists that "it never

6

abrogated the common law applicable to lost or damaged shipments in air carrier custody." (*Id.*) This may be true, but Sekata did not frame her claim in terms of federal law, electing, instead, to present her claim to the state court under state law. Accordingly, under the well-pleaded complaint rule and relevant corollary, removal is only appropriate if federal common law completely displaces state law in this area. *See generally Caterpillar*, 482 U.S. at 393; *see also Signer v. DHL Worldwide Exp., Inc.*, No. 06-cv-61932, 2007 WL 1521497, at *6 (S.D. Fla. May 22, 2007) (noting that a plaintiff "[b]ringing a claim framed in terms of federal common law is a very different situation from bringing a claim in terms of state law and having a defendant assert that the claim is preempted by federal common law").

In *Am. Airlines, Inc. v. Wolens*, 513 U.S. 219, 115 S. Ct. 817, 130 L. Ed. 2d 715 (1995), the Supreme Court considered the question of whether the ADA and federal common law preempted state law breach of contract claims that an airline had violated an agreement it entered into with passengers. The Supreme Court made it clear that state contract claims against air carriers were not precluded. As to the preemptive reach of federal common law, the Court observed that it was not "plausible that Congress meant to channel into federal courts the business of resolving, pursuant to judicially fashioned federal common law, the range of contract claims relating to airline rates, routes, or services. The ADA contains no hint of such a role for the federal courts." *Id*. at 232.

In *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244 (6th Cir. 1996), the Sixth Circuit, building on the reasoning in *Wolens*, held that claims for common law fraud and negligent misrepresentation did not exist under federal common law, and the Court concluded that the statutory enactments up to and including the ADA did not authorize federal courts to

create a new federal common law tort action. *Id*. at 1249–52 (observing that "there is not a shred of evidence that Congress, when passing any of the three statutes described above [including the ADA], intended the statutory scheme to exist side-by-side with a federal cause of action for air carrier fraud") (alteration added). District courts have repeatedly relied on *Musson* to reject efforts to remove state law claims relating to the shipper-carrier relationship on the basis of federal common law. *See, e.g., Signer*, 2007 WL 1521497, at *4 (relying on *Musson* and decisions from other courts and holding that "all state-law-based claims against air carriers have not been preempted by federal common law; therefore, complete preemption does not provide for removal on these grounds"); *Hannibal v. Fed. Express Corp.*, 266 F. Supp. 2d 466, 470 (E.D. Va. 2003) (similar and collecting cases); *Strategic Assets, Inc. v. Fed. Express Corp.*, 190 F. Supp. 2d 1065, 1069 (M.D. Tenn. 2001) (similar); *Greer v. Fed. Express*, 66 F. Supp. 2d 870, 873 (W.D. Ky. 1999) (similar).

FedEx insists that it is not asking the Court to create a new federal common law tort, but rather only to find that Congress "never abrogated federal common law applying to loss or damage of air cargo." (MTR Opp'n at 90.) It relies on a number of cases from other circuits, including *Sam L. Majors Jewelry v. ABX, Inc*., 117 F.3d 922 (5th Cir. 1997), to support its contention. (MTR Opp'n at 89, collecting cases.) In *Sam L. Majors*, the Fifth Circuit held that a shipper's negligence action against an air carrier arose under federal common law. *Id*. at 929. In reaching this conclusion, the court relied, in part, on two decisions: *Illinois v. City of Milwaukee*, 406 U.S. 91, 100, 92 S. Ct. 1385, 31 L. Ed. 2d 712 (1972); and *Nat'l Farmers Union Ins. Co. v. Crow Tribe*, 471 U.S. 845, 850, 105 S. Ct. 2447, 85 L. Ed. 2d 818 (1972). But both of these decisions involved plaintiffs who had framed their claims in terms of federal common law

claims, rather than defendants seeking to remove on the basis of federal common law. *Illinois*, 406 U.S. at 93, 99; *Nat'l Farmers*, 471 U.S. at 847, 850–51. While the former situation would allow a plaintiff to avail himself of established federal law, the latter allows only for the defense of federal preemption to a state law claim. This distinction highlights the fallacy of FedEx's removal argument, and its misplaced reliance on *Sam L. Majors* and cases in the same line. *See, e.g., Signer*, 2007 WL 1521497, at *5–6 (rejecting *Sam L. Majors* and related cases based on the same rationale).

As previously stated, "[t]he existence of a federal defense has long been held an insufficient basis for federal question jurisdiction." *Greer*, 66 F. Supp. 2d at 874–5 (rejecting the rationale in *Sam L. Majors* and others in the line of cases identified by FedEx, noting that "to the extent the Fifth Circuit found a prior common law cause of action saved by the ADA or its predecessors, it is at odds with *Musson*"); *see Strategic Assets*, 190 F. Supp. 2d at 1071 (finding that federal common law created only a defense and not a basis for removal of state law claims against air carrier); *Hannibal*, 266 F. Supp. 2d at 470 n.1 (rejecting the reasoning in *SVT Corp. v. Fed. Express Corp.*, 156 F.3d 1238 (Table), 1998 WL 466688, at *1 (9th Cir. Apr. 17, 1998), another case cited by FedEx for the proposition that claims against interstate air carriers arise under federal common law, noting that the court "failed to consider the well-pleaded complaint rule and failed to recognize that federal preemption does not necessarily create removal jurisdiction").

Because there is no federal question presented on the face of Sekata's complaint, the well-pleaded complaint rule precludes federal subject matter jurisdiction unless the asserted state law negligence claim is completely preempted by federal law. But FedEx has not established (or

even argued) that federal common law would completely pre-empt, such that Congress has clearly manifested an intent to transfer the question of preemption itself into the exclusive jurisdiction of the federal courts. *See Musson*, 89 F.3d at 1253 (There is "no evidence that Congress intended the federal courts to have exclusive subject matter jurisdiction over the preemption defenses to state law claims against air carriers."); *see also Strong*, 78 F.3d at 259 (noting that only twice has the Supreme Court discerned complete preemption in a statutory scheme). "Our federal system trusts state courts to decide the application of federal defenses to state law claims, and this Court will permit them to do so." *Greer*, 66 F. Supp. 2d at 874–75. The Court finds that this action was improperly removed. FedEx remains free to pursue its defense of federal preemption, but it must do so in state court.

### III. CONCLUSION

For the reasons set forth above, Sekata's motion to remand is GRANTED. This case is hereby remanded to the Stow Municipal Court. Because the Court lacks subject matter over the action, and having determined that the action must be remanded, the Court issues no decision as to Sekata's motion to amend or FedEx's motion for judgment on the pleadings.

**IT IS SO ORDERED**.

Dated: November 6, 2020

                                              **HONORABLE SARA LIOI**
                                              **UNITED STATES DISTRICT JUDGE**